UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**   (In Chambers:) DEFENDANTS' MOTION TO DISMISS (filed June 22, 2012) [Dkt. No. 4]

## I.   INTRODUCTION

On May 16, 2012, plaintiff Ayda Bonyadi commenced the instant action against Citi Mortgage Inc. ("Citi"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and U.S. Bank, N.A. in the Los Angeles County Superior Court asserting claims for (1) fraud in violation of Cal. Civ. Code § 1572(3)(5); (2) cancellation of contract; (3) violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (4) violation of covenant of good faith and fair dealing; (5) declaratory relief; (6) violation of finance lender law, California Finance code §§ 5000 et seq., 22000 et seq.; and (7) conspiracy to defraud. The gravamen of plaintiff's complaint is that she was fraudulently induced into entering a mortgage agreement she could not afford.

On June 15, 2012, defendants removed this case to federal court.  On June 22, 2012, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  On July 23, 2012, plaintiff filed her opposition to defendants' motion to dismiss; defendants filed their reply on July 30, 2012.  On September 5, 2012, the Court stayed this action and referred the matter to the ADR Loan Modification Settlement Program, taking defendants' motion to dismiss under submission.  Dkt. No. 19.  On February 7, 2013, the Court reopened this case after receipt of the Mediation Report. Dkt. No. 27.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

## II. BACKGROUND

On June 30, 2006, plaintiff applied for a loan from CITI to purchase real property located at 1041 East Walnut Avenue, Burbank, California ("the property"). Compl. ¶¶ 1, 9. Plaintiff alleges she executed a note and deed of trust securing the note in the amount of $672,000. Id. ¶ 9. The original lender was Citi; the original trustee was Verdugo Trustee Service Corporation; and the original beneficiary and nominee under the deed of trust was MERS. Id. Plaintiff apparently received a thirty-year adjustable rate loan with an initial interest rate of 5.875%, requiring monthly payments of $3,290 for the first five years and $5,186 per month for the next twenty years. Id. ¶ 10. The total amount of this loan including interest is $1,753,384, with a financed amount of $659,507. Id. Ex. B. Plaintiff also executed a second thirty-year loan that same day in the amount of $312,825, with a 7.369% fixed interest rate and financed amount of $126,000. Id. Ex C.

Plaintiff alleges that the "problem" with her loan is that her gross monthly income was overstated in her loan application, because CITI wrongly included her brother's income as well as her own. Id. ¶ 12; Ex. D. Because of her overstated income, plaintiff alleges that CITI knew she would not be able to afford her loan once the monthly payment amount increased after five years. Id. ¶ 12. She further alleges that CITI fraudulently charged her "excessive and/or bogus fees," including a "Settlement or closing fee to Brokers Escrow Service," an "Application Fee," and a "Doc Prep fee," among others. Id. ¶ 13. CITI also allegedly charged her interest for 26 days prior to closing for a total payment of $2,812.16, in violation of state law. Id.

After paying off her loans for a number of years, plaintiff alleges she sought CITI's assistance in modifying her mortgage payments to "obtain a payment she could actually afford," but that CITI refused to do so. Id. ¶ 14. Plaintiff then filed the instant lawsuit.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.   Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

**IV.    DISCUSSION**

    **A.    Plaintiff's First and Seventh Claims for Actual Fraud and Conspiracy to Defraud**

    To properly plead a claim of fraud, a plaintiff must allege: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (citations and quotations omitted).  Acts of fraud satisfying the first element of include: (1) "[t]he positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;" (2) "[t]he suppression of that which is true, by one having knowledge or belief of the fact;" and (3) "[a]ny other act fitted to deceive." Cal. Civ. Code § 1572(2), (3), (5) (defining "actual fraud").  Claims grounded in fraud are subject to a three year statute of limitations.  Cal. Civ. P. Code § 338(d).[1]  Moreover, because a claim for intentional misrepresentation is grounded in fraud, plaintiff must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), discussed above.

    Plaintiff alleges that CITI committed fraud in the following manner.  First, she alleges that CITI and its employees "knew Plaintiff lacked the financial resources to consistently afford the mortgage payments once adjusted and that Plaintiff would likely face the possibility of defaulting on the Note." Compl. ¶ 17.  Second, Citi "encourag[ed] the falsification of Plaintiff's loan application. . . ," failed to advise plaintiff she did not qualify for the loan, and failed to properly verify plaintiff's income. Id.  Because of this alleged deception, plaintiff alleges that she was induced to enter into the loan agreement, which she would not have done if she had been informed she was in fact not qualified for the loan. Id. ¶¶ 18–19.  Third and relatedly, plaintiff alleges she was "deceived" because none of her monthly payments for the first three years were applied against the outstanding principal. Id. ¶ 20.

---

    [1] Though technically procedural, "federal courts exercising diversity jurisdiction are to use state statutes of limitation." Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1306 (9th Cir. 1992).  Therefore, this Court applies California statutes of limitation here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

As a preliminary matter, the Court finds that plaintiff's claim is barred by the statute of limitations. After a claim accrues, a plaintiff must bring her claim within the time frame specified by statute. Accrual, in turn, is the "time when the cause of action is complete with all of its elements," including the wrongful conduct, causation, and harm or injury. Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). Because plaintiff's claim accrued at the time she received her allegedly fraudulent loan, the statute of limitations bars plaintiff's claim, absent an exception.

When a plaintiff is ignorant of their cause of action, the discovery rule may act to "postpone accrual. . . until the plaintiff discovers, or has reason to discover, the cause of action." Id. A plaintiff "has reason to discover the cause of action when he has reason at least to suspect a factual basis for its elements." Id. at 398. In other words, a plaintiff "need not be aware of the specific 'facts' necessary to establish the claim" for accrual to commence, but only sufficient notice "to put a reasonable person on inquiry." Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1111 (1988). Moreover, once a suspicion arises or should arise, there is an affirmative duty to "seek to learn the facts necessary to bring the cause of action in the first place," id.; "the fact that an attorney has not yet advised him does not postpone commencement of the limitations period." Gutierrez v. Mofid, 39 Cal.3d 892, 898 (1985); see also id. ("It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his cause of action.").

Plaintiff contends that she did not learn of the "unconscionable terms and alleged fraud" in her loans until January 2012 because she "did not and could not" have had knowledge of her specific allegations or causes of action until she retained legal representation. Opp'n at 11. Plaintiff's claim, however, depends entirely on alleged fraudulent misstatements contained in her loan agreement, which plaintiff signed in June 2006. As a party to a contract which she signed, plaintiff is charged with reading and understanding the terms of that contract or seeking assistance if she did not. Therefore, because plaintiff had ample "reason to discover" her claims at the time she entered into the loan agreement, her claims accrued as of May 2006. Numerous courts have found similar claims to be time-barred under the applicable statute of limitations, where a plaintiff alleged fraud grounded in the loan application itself. See, e.g. Das v. WMC Mortg. Corp., 831 F. Supp. 2d 1147, 1158 (N.D. Cal. 2011) (finding plaintiff's claims time-barred where any fraud "should have been apparent at the time the loan documents were signed"); Conder v. Home Sav. of Am., 2010 WL 2486765, at *3 (C.D. Cal. June

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

14, 2010) (finding equitable tolling did not apply where any alleged violations were "objectively and reasonably apparent on the face" of the loan agreement). Accordingly, the statute of limitations bars plaintiff's claims sounding in fraud.

 Moreover, to the extent that plaintiff's fraud claim (and indeed, all of her claims) depend on defendants' alleged duty to place her in a loan she could afford at the time of origination, the Court finds that plaintiff fails to state a claim. The California Court of Appeal has squarely rejected such a duty on the part of lenders, and has affirmed the dismissal of fraud claims that attempt to proceed on this basis. See Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429, 436 (2010) ("A lender is under no duty to determine the borrower's ability to repay the loan . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.") (citations and quotations omitted). As such, plaintiff cannot state a claim for fraud based upon on any failure on the part of Citi to disclose to her whether or not her loan was affordable for her. Borrowers must rely on their own judgment and risk assessment in deciding whether to accept a loan, and a lender cannot be liable in tort for failing to advise a borrower about a loan's affordability, as plaintiff contends. See id.; Nymark v. Haert Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1981).

  **B. Second Claim for Cancellation of Void Contract**

 Under California law, a court may cancel a written contract when "there is a reasonable apprehension that if left outstanding [the contract] may cause serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412. Plaintiff claims the Court should rescind or cancel her loan agreement under a number of California statutes.

 First, she alleges that her loan is unconscionable under Cal. Civil Code § 1670.5 because of the "unqualified adjustments in payments . . . fraudulent funding fees, and an excessive interest rate." Compl. ¶ 25. Plaintiff alleges that it was foreseeable to defendants that such loan terms would lead to her default. Id. Second, she alleges that Cal. Civil Code § 1689(b) allows a party to rescind a contract: (1) if the contract was obtained through fraud or undue influence; (2) if the contract is unlawful; or (3) if the "public interest would be prejudiced by permitting the contract to stand." Id. Plaintiff alleges that Citi put her in a "take it or leave it" position with regards to the contract, because she needed to secure a loan in order to purchase a home. Compl. ¶ 28. She

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

further alleges that Citi's "unfair advantage in the bargaining process" led to her being "deceived into entering a contract." Id. Third, plaintiff alleges that the contract was void from its inception for violating: (1) California Financial Code § 4973 by failing to properly qualify plaintiff for a loan; and (2) Civil Code § 1709 by "willfully deceiving plaintiff with intent to induce her to alter her position to her injury." Compl. ¶ 28.

However, "in order to obtain rescission of an agreement, including rescission on the basis of inducement into the agreement by the defendant's fraudulent misrepresentation, a plaintiff must generally restore to the defendant everything of value which the plaintiff has received from defendant under the agreement." Star Pac. Investments, Inc. v. Oro Hills Ranch, Inc., 121 Cal. App. 3d 447, 457 (1981); see also Riggins v. Bank of Am., N.A., 12-cv-0033, 2013 WL 319285, at *11 (C.D. Cal. Jan. 24, 2013). Plaintiff makes no allegations that she has made an offer to restore the loan proceeds that she received—loan proceeds approaching two million dollars—to defendants. Her claim for rescission fails on this basis alone.

Nor does plaintiff allege any facts establishing procedural or substantive unconscionability. See Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 114 (2000) (holding that "unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results"). Plaintiff's allegation that she was "in need to secure a loan for the purchase of her home" does not establish why plaintiff was in need of this particular loan, at the terms offered by defendants. Nor does plaintiff identify any facts demonstrating that plaintiff had no choice but to sign the loan contract that was presented to her by defendants. See Park v. Wachovia Mortg. FSB, 2011 U.S. Dist. LEXIS 2956, 2011 WL 98408 (S.D. Cal. 2011). Accordingly, the Court grants defendants' motion to dismiss this claim without prejudice.

  **C.  Third Claim for Violation of California Bus. & Prof. Code §§ 17200 et seq. ("UCL")**

The California UCL provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001). California's UCL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

"borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992) (quotation omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). "A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct." Brewer v. Indymac Bank, 609 F. Supp. 2d 1104, 1122 (E.D. Ca. 2009) (citing United Farm Workers of Am., AFL-CIO v. Dutra Farms, 83 Cal. App. 4th 1146, 1163 (2000)). To have standing to bring suit pursuant to section 17200, a plaintiff must "make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583, 1590 (2009).

At the outset, the Court notes that plaintiff's UCL claim is subject to a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. A UCL claim, like other claims under the common law, is subject to the same equitable exceptions for accrual and the running of the statutory period. Aryeh v. Canon Bus. Solutions, Inc., 55 Cal. 4th 1185, 1191 (2013). Here, as with plaintiff's fraud claim, some of her allegations concern conduct by certain defendants that took place at the time of the origination of her loan. See, e.g., Compl. ¶ 30 (alleging that defendants violated the UCL by "funding a predatory loan that obligated . . . [p]laintiff to make payments well beyond what [she] could afford"); ¶ 34 (alleging that "CITI engaged in fraudulent underwriting practices by ratifying the falsification of the plaintiff's loan application"). Because this alleged conduct and any harm to plaintiff took place at the time plaintiff's loan was originated in June 2006, plaintiff's claim accrued at that time and was time-barred by June 2010. Plaintiff offers no arguments in opposition as to why her claim is timely, or as to why any exceptions to the running of the statute of limitations should apply. Accordingly, the Court concludes that plaintiff's claim is time-barred to the extent that she alleges violations of the UCL arising out of the origination of her loan.

Even if plaintiff's claim were not time-barred, her allegations again concern defendants' purported duty to only extent plaintiff a loan that she could afford at the time the loan was originated. Because the Court finds that California courts have rejected this theory of unfair business practices, as discussed above, plaintiff fails to state a cognizable

Case 2:12-cv-05239-CAS-FFM   Document 29   Filed 03/08/13   Page 10 of 13   Page ID #:201

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

claim under the UCL on this basis. Accordingly, the Court grants defendants' motion to dismiss plaintiff's UCL claim without prejudice.[2]

### D.      Fourth Claim for Violation of Covenant of Good Faith and Fair Dealing

Under California law, "every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Storek & Storek, Inc. v. Citicorp Real Estate, Inc., 100 Cal. App. 4th 44, 55 (2002). However, a court may not imply a covenant of good faith and fair dealing which contradicts the express terms of a contract. Id.

Plaintiff alleges that defendants breached this duty by providing her with a loan agreement that held a high likelihood of plaintiff defaulting, denying her the benefit of her contract with defendants. Compl. ¶ 39. In addition, she alleges that Citi breached the covenant "by enforcing a contract that it knew or should have known was illegal and unconscinonable" given its allegedly unlawful terms. Id. ¶ 40.

The Court finds that plaintiff fails to state a claim for breach of an implied covenant of good faith and fair dealing. The Court has already noted that plaintiff's allegations do not state a claim based upon a theory of unconscionability or illegality of her loan contract, as plaintiff has not alleged sufficient facts to state a claim under either of these theories. Moreover, this claim again appears to be premised upon plaintiff's theory that defendants had a duty to place plaintiff in a loan that she could afford. As the Court noted previously in relation to plaintiff's fraud claim, a lender does not have a duty under California law to ensure that plaintiff's loan is affordable, or to disclose whether or not the lender believed that plaintiff could afford the loan. See Perlas, 187 Cal. App. 4th at 436. And defendants cannot breach the implied covenant by enforcing their rights

---

[2] Plaintiff in opposition contends that defendants have also engaged in unfair and deceptive business practices by failing to avail themselves of an opportunity "to mitigate the adverse consequences of [the] illegal [loan] contract," presumably by failing to provide plaintiff with a loan modification or working with her in good faith to obtain one. See Opp'n at 15. However, because these contentions are not set forth in plaintiff's UCL claim, the Court declines to consider them.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

under the contract, notwithstanding plaintiff's allegations of illegality and unconscionability. See Wolf v. Walt Disney Pictures & Television, 162 Cal. App. 4th 1107, 1120 (2008) (an implied covenant may "not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself"). Accordingly, the Court grants defendants' motion to dismiss this claim without prejudice.

### E.    Fifth Claim for Declaratory Relief

Under California Code of Civil Procedure § 1060, a court may grant declaratory relief to "[a]ny person ... who desires a declaration of his or her rights or duties with respect to another. . . in cases of actual controversy relating to the legal rights and duties of the respective parties." A declaratory judgment acts prospectively, to quiet actual controversies before they lead to "repudiation of obligations, invasion of rights or commission of wrongs." County of San Diego v. State, 164 Cal. App. 4th 580, 607 (2008). A plaintiff may bring a claim for declaratory relief alone or with other claims. Cal. Code Civ. P. § 1060.

For reasons similar to those plaintiff alleges in support of her claim to cancel a void contract, plaintiff requests that the Court declare her loan agreement void and unenforceable. Compl. ¶ 43. Specifically, plaintiff alleges that the Court should declare the subject contract void from inception because it is illegal, unconscionable, and in violation of "express public policy." Id. First, with regards to illegality, plaintiff alleges that her loan agreement is illegal based on the violation of a number of California statutes, including Finance Code § 50204, Civil Code §§ 1709 and 1710. Compl. ¶ 46. Second, plaintiff alleges that because California has a strong public policy in favor of home ownership, her loan violates this public policy by situating plaintiff for certain default "based on her objective inability to afford [her] monthly payments." Compl. ¶ 47. Third, plaintiff argues that her loan agreement is unconscionable, because it is a contract of adhesion, defendants knew plaintiff would not be able to afford her mortgages, and defendants knew plaintiff was certain to default. Id. ¶ 49.

Because this claim appears to be derivative of plaintiff's other claims, however, and premised upon the same theory of unconscionability or illegality, the Court grants defendants' motion to dismiss this claim without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

**F.     Sixth Claim for Violation of Finance Lender Law**

Plaintiff further claims that defendants violated California Finance Lender Law, Finance Code § 22302, and the California Residential Mortgage Lending Act, Finance Code § 50204. Specifically, plaintiff again alleges that the terms of her loan were unconscionable because she was likely or certain to default on her loan. Compl. ¶ 51. She further alleges that defendants failed to disclose "critical information" to her prior to executing the loan agreement, including: "the total amount of the interest, the highest payment possible upon adjustment of the loans . . ., that the loan would be bundled and sold to third party investors in violation of [her] contractual rights and remedies, and other egregious terms of the refinance." Id. ¶ 53.

First, plaintiff fails to state a claim based upon a violation of the California Residential Mortgage Lending Act, Finance Code § 50204, as there is no private right of action to enforce this provision. See Cal. Finance Code §§ 50501 and 50513 (setting forth the powers of the commissioner). To the extent that plaintiff seeks to assert this claim under the UCL's "unlawful" prong, the Court finds that plaintiff fails to state a claim as well. Plaintiff must set forth how these alleged non-disclosures violated any provision of this statute, as she fails to show how her factual allegations entitle her to relief under this section in either her complaint or her opposition. See Opp'n at 18–19. Plaintiff may amend her complaint to state facts demonstrating how this section was violated if she seeks to proceed with this claim. Second, section 22302 states only that unconscionable contracts violate the California Finance Lenders Law, incorporating section 1670.5 of the California Civil Code by reference. As the Court has already found that plaintiff fails to state a claim based on a theory of unconscionability, the Court finds that plaintiff fails to state a claim under this section as well, whether independently or under the unlawful prong of the UCL. Accordingly, the Court grants defendants' motion to dismiss this claim without prejudice.

**G.     Seventh Claim for Conspiracy to Defraud**

Plaintiff's claim for conspiracy to defraud is not an independent tort, but is only actionable when it is based upon an underlying wrong. See Okun v. Superior Court, 29 Cal. 3d 442, 454 (1981) ("Though conspiracy may render additional parties liable for the wrong, the conspiracy itself is not actionable without a wrong."). Because the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239-CAS (FFMx) | Date | March 8, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE BANK, ET AL. | | |

finds that plaintiff does not adequately plead an underlying wrong, the Court dismisses her claim for conspiracy to defraud without prejudice.

## V.     CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss without prejudice. Plaintiff shall have thirty (30) days to file an amended complaint. Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |