UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants

George Hill                             David Chute
                                        Brett Ruff

**Proceedings:** **DEFENDANT U.S. BANK N.A.'S MOTION TO DISMISS** (filed April 25, 2013) [Dkt. No. 32]

**DEFENDANTS CITIMORTGAGE, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS' MOTION TO DISMISS** (filed April 22, 2013) [Dkt. No. 31]

**I.    INTRODUCTION**

On May 16, 2012, plaintiff Ayda Bonyadi commenced the instant action against CitiMortgage Inc. ("CitiMortgage"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and U.S. Bank, N.A. ("U.S. Bank") in the Los Angeles County Superior Court. On June 15, 2012, defendants removed this case to this Court.

On September 5, 2012, the Court stayed this action and referred the matter to the ADR Loan Modification Settlement Program, taking defendants' motion to dismiss under submission. Dkt. No. 19. Thereafter, the Court reopened this case after receipt of the Mediation Report. Dkt. No. 27. On March 8, 2013, the Court granted defendants' motion to dismiss plaintiff's complaint. Dkt. No. 29.

Plaintiff filed her First Amended Complaint ("FAC") on April 8, 2013. Dkt. No. 30. Plaintiff's FAC asserts claims for (1) fraud in violation of Cal. Civ. Code § 1572(2), (3), (5); (2) cancellation of void contract; (3) violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (4) violation of covenant of good faith and fair dealing; (5) violation of finance lender law, California Finance code §§ 5000 et seq., 22000 et seq.; and (6) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g). The gravamen of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

plaintiff's complaint, as before, is that she was fraudulently induced into entering into a mortgage agreement that she could not afford. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    BACKGROUND**

On June 30, 2006, plaintiff applied for a loan from CitiMortgage to purchase real property located at 1041 East Walnut Avenue, Burbank, California ("the property"). FAC ¶¶ 2, 9. Plaintiff alleges that her application was prepared by Shea Case, a CitiMortgage employee at CitiMortgage's Montrose, California branch office. Id. ¶ 9. Plaintiff executed a note and deed of trust securing the note in the amount of $672,000. Id. The original lender was CitiMortgage; the original trustee was Verdugo Trustee Service Corporation; and the original beneficiary and nominee under the deed of trust was MERS. Id. Plaintiff further alleges that defendant U.S. Bank is "the foreclosure trustee" for a securitized asset pool that includes plaintiff's note, but that U.S. Bank has no actual ownership interest in the property. Id. ¶ 5.

Plaintiff received a thirty (30) year adjustable rate loan through CitiMortgage, with an initial interest rate of 5.875%, requiring monthly payments of $3,290 for the first five years and $5,186 per month for the next twenty years. Id. ¶ 10; Ex. A. The total amount of this loan including interest is $1,753,384, with a financed amount of $659,507. Id. Ex. B. Plaintiff also executed a second thirty-year loan that same day in the amount of $312,825, with a 7.369% fixed interest rate and financed amount of $126,000. Id. ¶ 11; Ex C.

As with her original complaint, plaintiff alleges that the "problem" with her loan is that her gross monthly income was overstated in her loan application, because CitiMortgage wrongly included her brother's income as well as her own. Id. ¶ 12; Ex. D. Because of her allegedly overstated income, plaintiff alleges that CitiMortgage knew she would not be able to afford her loan once the monthly payment amount increased after five years. Id. ¶ 12. She further alleges that CitiMortgage fraudulently charged her "excessive and/or bogus fees," including a "Settlement or closing fee to Brokers Escrow Service," an "Application Fee," and a "Doc Prep fee," among others. Id. ¶ 13. CitiMortgage also allegedly charged her interest for 26 days prior to closing for a total payment of $2,812.16, in violation of state law. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

After paying off her loans for a number of years, plaintiff alleges she sought CitiMortgage's assistance in modifying her mortgage payments to "obtain a payment she could actually afford," but that CitiMortgage refused to do so. Id. ¶ 14. The parties were also unable to reach a resolution through Court-ordered mediation. It is unclear from the record if plaintiff remains current on her loan.

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

     Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

     For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

     As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

     **B.    Fed. R. Civ. P. 9(b)**

     Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV. ANALYSIS

### A. Claim for Fraud

To properly plead a claim of fraud, a plaintiff must allege: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (citations and quotations omitted). Acts of fraud satisfying the first element of include: (1) "[t]he positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;" (2) "[t]he suppression of that which is true, by one having knowledge or belief of the fact;" and (3) "[a]ny other act fitted to deceive." Cal. Civ. Code § 1572(2), (3), (5) (defining "actual fraud"). Claims grounded in fraud are subject to a three year statute of limitations. Cal. Civ. P. Code § 338(d).[1] Moreover, because a claim for intentional misrepresentation is grounded in fraud, plaintiff must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), discussed above.

---

[1] Though technically procedural, "federal courts exercising diversity jurisdiction are to use state statutes of limitation." Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1306 (9th Cir. 1992). Therefore, this Court applies California statutes of limitation here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

First, although plaintiff purports to name defendant U.S. Bank as a party to her fraud claim, plaintiff's claim contains no allegations directed toward U.S. Bank in particular. See FAC ¶¶ 15–27. Indeed, plaintiff makes no reference at all to U.S. Bank in her fraud claim. As such, plaintiff fails to state a claim for fraud against U.S. Bank.

Second, as to defendant CitiMortgage, plaintiff's fraud claim is virtually identical to the one in her complaint that the Court previously found insufficiently pled. As before, plaintiff principally alleges that CitiMortgage and its employees "knew Plaintiff lacked the financial resources to consistently afford the mortgage payments once adjusted and that Plaintiff would likely face the possibility of defaulting on the Note." FAC ¶ 18. Based on these nearly identical allegations, the Court must again dismiss plaintiff's claim for fraud.

Moreover, the Court has already found that a lender has no duty to place a borrower into a loan that she can afford. The California Court of Appeal has squarely rejected such a duty on the part of lenders, and has affirmed the dismissal of fraud claims that attempt to proceed on this basis. See Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429, 436 (2010) ("A lender is under no duty to determine the borrower's ability to repay the loan . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.") (citations and quotations omitted). Accordingly, plaintiff cannot state a claim for fraud based upon on any failure on the part of CitiMortgage to disclose to her whether or not her loan was affordable for her.

Furthermore, even if plaintiff alleged sufficient facts to state a claim, the statute of limitations would bar plaintiff's claim for relief. After a claim accrues, a plaintiff must bring her claim within the limitations period specified by statute. Accrual, in turn, is the "time when the cause of action is complete with all of its elements," including the wrongful conduct, causation, and harm or injury. Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). Because plaintiff's claim accrued at the time she received her allegedly fraudulent loan, the statute of limitations bars plaintiff's claim, absent an exception.

Plaintiff contends that equitable tolling should apply here to save her claim for fraud. Equitable tolling may save an otherwise barred claim "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." Cervantes v. Countrywide Home Loans, Inc., 656

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

F.3d 1034, 1045 (9th Cir. 2011) (quotations omitted).  Moreover, once a suspicion arises or should arise, there is an affirmative duty to "seek to learn the facts necessary to bring the cause of action in the first place," Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1111 (1988); "the fact that an attorney has not yet advised him does not postpone commencement of the limitations period." Gutierrez v. Mofid, 39 Cal. 3d 892, 898 (1985); see also id. ("It is irrelevant that the plaintiff is ignorant of his legal remedy or the legal theories underlying his cause of action.").

Plaintiff again contends that she did not learn of the "unconscionable terms and alleged fraud" in her loans until January 2012 because she "did not and could not" have had knowledge of her specific allegations or causes of action until she retained legal representation.  Opp'n at 11.  However, plaintiff's claim—as with her complaint—depends entirely on alleged fraudulent misstatements contained in her loan agreement, which plaintiff signed in June 2006.

As a party to a contract which she signed, plaintiff is charged with reading and understanding the terms of that contract or seeking assistance if she did not, including her duty to make an independent determination if her loan was affordable for her.  See, e.g. Das v. WMC Mortg. Corp., 831 F. Supp. 2d 1147, 1158 (N.D. Cal. 2011) (finding plaintiff's claims time-barred where any fraud "should have been apparent at the time the loan documents were signed"); Conder v. Home Sav. of Am., 2010 WL 2486765, at *3 (C.D. Cal. June 14, 2010) (finding equitable tolling did not apply where any alleged violations were "objectively and reasonably apparent on the face" of the loan agreement). Plaintiff cannot now claim that she had no knowledge of the alleged fraud which she alleges was part and parcel of the loan contract itself.  Accordingly, the Court finds that the statute of limitations bars plaintiff's claims sounding in fraud.[2]

---

[2] Nor would plaintiff's claims be saved from the time-bar through the doctrine of equitable estoppel.  Equitable estoppel may "halt[] the statute of limitations when there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." Cervantes, 656 F.3d at 1046 (quotation omitted).  Plaintiff offers no allegations of concealment that are insufficient to give rise to equitable estoppel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

**B.     Claim for Cancellation of Void Contract**

Under California law, a court may cancel a written contract when "there is a reasonable apprehension that if left outstanding [the contract] may cause serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412. Plaintiff claims the Court should rescind or cancel her loan agreement under a number of California statutes. See FAC ¶¶ 29–35.

First, the Court finds that this claim is also time-barred. See Cal. Code Civ. P. § 338(d) (three-year statute of limitations). Plaintiff's arguments for the application of tolling are identical to those she raises with respect to her fraud claim, and therefore the Court finds that tolling should not apply to save her claim.

Even if the claim were not time-barred, plaintiff does not allege any facts establishing procedural or substantive unconscionability. See Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 114 (2000) ("[U]nconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results."). Plaintiff offers an identical allegation from her original complaint: that she was "in need to secure a loan for the purchase of her home." FAC ¶ 33. This allegation does not demonstrate why plaintiff was in need of this particular loan, at the terms offered by defendants. Nor does plaintiff identify any facts demonstrating that plaintiff had no choice but to sign the loan contract that was presented to her by defendants. Plaintiff omits the obvious—that she did not need to enter into any loan agreement at all. See Park v. Wachovia Mortg. FSB, 2011 U.S. Dist. LEXIS 2956, 2011 WL 98408 (S.D. Cal. 2011). Accordingly, the Court grants defendants' motion to dismiss this claim.

**C.     UCL Claim**

The California UCL provides that "unfair competition . . . include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001). California's UCL "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

4th 377, 383 (1992) (quotation omitted). "Violation of almost any federal, state, or local law may serve as the basis for a UCL claim." Plascencia v. Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008).   "A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct." Brewer v. Indymac Bank, 609 F. Supp. 2d 1104, 1122 (E.D. Cal. 2009) (citing United Farm Workers of Am., AFL-CIO v. Dutra Farms, 83 Cal. App. 4th 1146, 1163 (2000)). To have standing to bring suit pursuant to section 17200, a plaintiff must "make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property *caused* by unfair competition." Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583, 1590 (2009) (emphasis added).

  First, as the Court found before, plaintiff's claim under the UCL is time-barred to the extent that she bases her claim on alleged events that occurred at the time her loan was originated. In addition to being nearly identical to her complaint, nearly all of the allegations in her FAC relate to the origination of her loan, and therefore her claim under the UCL is time-barred. And for the same reasons addressed above in relation to plaintiff's fraud claim, equitable tolling cannot save this claim either.[3]

  Second, plaintiff fails to state a claim based on her only new allegation—that defendants violated the UCL by "failing to avail themselves of an opportunity to mitigate the adverse consequences of the illegal loan contract by failing to work with plaintiff in good faith to achieve a loan modification." FAC ¶ 46. Because plaintiff has alleged no basis for declaring the loan contract to be illegal, however, and defendant has no independent duty to consider plaintiff for a loan modification, plaintiff fails to state a claim. To have standing to bring a UCL claim, plaintiff must allege that she "suffered injury in fact and has lose money or property as a result of the unfair competition." See Cal. Bus. & Prof. Code § 17204. Plaintiff has not alleged facts that would meet this requirement of causation. Where, as here, there is no duty to consider a borrower for a loan modification, any alleged failure to provide such consideration cannot give rise to liability under the UCL, as it is not the cannot be the cause of any injury suffered by the

---

  [3] Moreover, plaintiff fails to state a claim by alleging (in identical fashion to her complaint) that defendants had a duty to provide plaintiff with a loan that she could afford, as discussed previously in relation to plaintiff's claim for fraud and in the Court's prior order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

borrower. See, e.g., Roussel v. Wells Fargo Bank, No. CV 12-04057, 2012 WL 5301909, at *7 (N.D. Cal. Oct. 25, 2012) (concluding that the "failure to properly consider [p]laintiff's loan modification application was not the cause of the imminent foreclosure of [p]laintiff's home; rather, [p]laintiff's default on [her] mortgage caused the imminent foreclosure"). Accordingly, the Court grants defendants' motions to dismiss plaintiff's claim under the UCL.[4]

### D. Claims for Breach of the Covenant of Good Faith and Fair Dealing and Violation of Finance Lender Law

Despite being granted leave to amend these claims, plaintiff's allegations in support of her claims for breach of the covenant of good faith and violation of various finance lender laws, plaintiff has not done so. The claims in her FAC are supported by identical allegations as her original complaint that the Court dismissed. Compare Compl. ¶¶ 37–41, 50–53, with FAC ¶¶ 49–59. Accordingly, the Court grants defendants' motions to dismiss these claims in her FAC based upon plaintiff's failure to amend.

### E. TILA Claim

In her FAC, plaintiff asserts a new claim for violation of the 15 U.S.C. § 1641(g) against U.S. Bank.[5] This section provides that:

> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—

---

[4] In addition to the foregoing deficiencies, plaintiff's sole allegation in support of her loan modification-based claim under the UCL is conclusory and unsupported, as plaintiff offers no facts in support of the legal conclusion that defendants "fail[ed] to work with [p]laintiff in good faith to achieve a loan modification." FAC ¶ 46.

[5] Because the Court previously granted plaintiff leave "to file an amended complaint," the Court disagrees with U.S. Bank's contention that plaintiff impermissibly added a TILA claim to her complaint without leave to do so. See Dkt. No. 29 at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of ownership of the debt is recorded; and
(E) any other relevant information regarding the new creditor.

Plaintiff alleges that defendant violated 15 U.S.C. § 1641(g) when U.S. Bank, as Trustee for the CitiMortgage Alternative Loan Trust, was assigned her note by CitiMortgage. FAC ¶ 63. Despite this assignment, U.S. Bank allegedly failed to notify plaintiff.

The Court finds that defendant's motion to dismiss this claim should be granted. First, plaintiff fails to allege when the purported transfer of her loan to the trust occurred. Because this date is clearly a required element of a claim under section 1641(g)— defendant would have thirty days from the date of the assignment to provide plaintiff with notice—plaintiff fails to state a claim.

Moreover, although the Court cannot determine this issue without further allegations, plaintiff's claim is likely barred by the statute of limitations. A claim for damages under TILA is governed by a one-year statute of limitations. 15 U.S.C. § 1640(e). Unless plaintiff can plausibly allege that the assignment took place on or before April 17, 2011, plaintiff's claim would be time barred. Moreover, section 1641(g) was not enacted until 2009, "and does not apply retroactively to conduct occurring before its effective date." Eng v. Dimon, No. 11-3173, 2012 WL 2050367, at *1 (N.D. Cal. June 6, 2012). Any assignment that took place prior to 2009 would not be subject to the requirements set forth in section 1641(g).

**V.     CONCLUSION**

In accordance with the foregoing, the Court GRANTS defendants' motions to dismiss. Moreover, plaintiff has not demonstrated that she could cure the deficiencies identified herein and in the Court's prior order granting defendants' motions to dismiss by further amendment, with the exception of her TILA claim. Plaintiff has failed to allege additional facts supporting viable claims for relief, despite the Court's instructions,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5239 CAS (JCGx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | AYDA BONYADI V. CITIMORTGAGE, INC., ET AL. | | |

and instead relies on the same legal theories the Court has already found to be incognizable.

Accordingly, the Court grants defendants' motions to dismiss WITH PREJUDICE, except as to plaintiff's TILA claim. Plaintiff may amend only her TILA claim within thirty (30) days of the date of this order. Failure to do so will result in dismissal of this claim with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |